UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | 2015 OCT -5  P 5: 13 |
| v. | Crim. No. 3:15CR 00178 (MPS) |
| | VIOLATION: 18 U.S.C. § |
| | 1035(a)(2) (false statement |
| AMIRA MANTOURA | relating to a health care matter) |

### INFORMATION

The United States Attorney charges:

### COUNT ONE

1.      At all times relevant to this Information, AMIRA MANTOURA ("MANTOURA" or "defendant") was a Doctor of Podiatric Medicine, licensed to practice by the State of Connecticut. MANTOURA operated a podiatry practice at 95 Morgan Street, Suite 1J, Stamford, Connecticut.

2.      Medicare is a federally funded program providing health care coverage to the nation's elderly and certain disabled individuals. The program is administered by the U.S. Department of Health and Human Services and supervised by the Centers for Medicare and Medicaid Services ("CMS"). The Medicare program pays claims submitted by participating health care providers for medical services rendered to Medicare beneficiaries. As such, Medicare constitutes a "health care benefit program" under Title 18, United States Code, Section 24(b).

3.      At all times relevant to this Information, MANTOURA was a participating provider in the Medicare program. By becoming a participating provider in Medicare, enrolled providers, such as MANTOURA, agreed to abide by the policies, procedures, rules, and regulations governing reimbursement. To receive reimbursement for a covered service from Medicare, a provider must submit a claim, either electronically or using a form (namely, form CMS-1500) containing required

information appropriately identifying, among other things, the provider, the beneficiary, and the services rendered.

4. An avulsion of nail plate service or "nail avulsion" (procedure codes CPT 11730 and 11732) is a surgical procedure to treat ingrown toenails. The procedure involves the surgical separation and removal of all or part of a toenail from the tip of the nail back to the eponychium (base of the nail). The procedure is typically done mechanically by separating the toenail from the nail bed, and removing or pulling off all or part of the toenail. Pursuant to relevant Medicare policies, the procedure is required to be performed using injectable anesthesia, unless the patient is devoid of sensation or there are other extenuating circumstances. Injectable anesthesia is necessary to perform a partial or full nail avulsion to avoid causing extreme pain to the patient.

5. As a podiatrist authorized to participate in the Medicare program, MANTOURA was fully aware and understood the procedure to perform a "nail avulsion" and she understood that a nail avulsion was a surgical procedure to treat an ingrown toenail.

6. From January 1, 2009 to on or about August 15, 2013, MANTOURA knowingly submitted materially false claims to the Medicare program, Medicaid program and to private insurance companies to obtain payment for a nail avulsion when defendant knew that she had not performed a nail avulsion. Rather than perform a nail avulsion, in most of these instances MANTOURA had merely provided her patients with routine foot care including clipping the patients' toenails.

7. On or about May 2, 2012, MANTOURA provided a particular patient with routine foot care.  Nevertheless, on or about October 2, 2012, MANTOURA submitted a claim to the Medicare program that falsely and fraudulently represented that she had performed a nail avulsion on this particular patient. By doing so, MANTOURA knowingly and willfully submitted a materially false claim in connection with the delivery of, or payment for, a health care service in a matter involving

Medicare, a federal health care benefit program.

8. As a result of submitting material claims to the Medicare program, the Medicaid programs and private insurance companies from January 1, 2009 to August 15, 2013 falsely representing that MANTOURA had performed nail avulsions when she knew this procedure had not been performed, these health care programs paid approximately $195,000 for false and fraudulent claims that they would not have paid had they known that the statements and representations made by MANTOURA were false and fraudulent.

In violation of Title 18, United States Code, Section 1035(a)(2).

UNITED STATES OF AMERICA

_____
DEIRDRE M. DALY
UNITED STATES ATTORNEY

_____
RICHARD J. SCHECHTER
SENIOR LITIGATION COUNSEL